UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TEVA PHARMACEUTICALS, | ) | |
|---|---|---|
| USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV477 CDP |
| | ) | |
| AMERICAN MOTORISTS | ) | |
| INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This is a declaratory judgment action that was removed from Missouri state court. Plaintiff Teva Pharmaceuticals has filed a motion to remand, arguing that this Court should exercise its discretion to abstain from the case. Because I conclude that this case presents state law issues with no significant federal interest, I will grant Teva's motion to remand.

### **Background**

Katie Oligschlaeger is suing her mother's employer, Teva Pharmaceuticals. Oligschlaeger alleges that she was born with birth defects because her mother was exposed to toxic chemicals while pregnant and working for Teva. Teva has notified its insurance carriers of Oligschaeger's claim, but, according to Teva, the insurance carriers have denied coverage and refused to defend against the suit.

Because its insurance carriers refused to pay, Teva filed a declaratory judgment action[1] in Missouri state court against each of its insurers: American Motorists Insurance Co., American Manufacturers Mutual Insurance Co., and Lumbermens Mutual Casualty Co. In the suit, Teva seeks to have a court declare the respective rights and responsibilities of all parties under the relevant insurance agreements. Additionally, one of the insurance companies, American Motorists, has filed a similar declaratory judgment action in Pennsylvania federal district court. That action was stayed by the Pennsylvania court, pending a resolution of Teva's original declaratory judgment lawsuit.

On April 9, 2008, defendants removed Teva's suit to this court on diversity grounds. Teva now seeks an order remanding the case to state court. Teva does not argue that removal of the case was improper, but rather argues that this court should, in its discretion, abstain from a declaratory judgment action such as this one where only state law issues are raised.

## Discussion

Federal courts are courts of limited jurisdiction. *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of*

---

[1] Plaintiff's petition contains nine counts, six of which are for declaratory judgment against various defendants on various insurance policies. The remaining three counts include two counts for breach of contract and one count for vexatious refusal to pay. These claims arise out of and are substantially related to the relief sought in the declaratory judgment counts. Thus, the petition taken as a whole is essentially one for a declaratory judgment. See 28 U.S.C. § 2202; *Maritz v. Starek*, No. 4:05CV2093, 2006 WL 1026925 at *7 (E.D. Mo. 2006).

*America*, 511 U.S. 375, 377 (1994)). As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. A party seeking to remove a case to federal court has the burden of establishing federal subject-matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

Defendants here are all incorporated in the State of Illinois, with their principal places of business in the State of Illinois. Plaintiff Teva is incorporated in Pennsylvania and has its principal place of business in that state. Therefore, the parties are diverse and jurisdiction is proper under 28 U.S.C. § 1441. This case was removed properly under the procedure set forth in 28 U.S.C. § 1446.

Teva argues that this Court should exercise its discretionary authority under the Declaratory Judgment Act to abstain from this case. The Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201. The Supreme Court in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) pointed specifically to the use of the term "may" in the Act, and held that a federal court has considerable discretion in deciding whether to hear a declaratory judgment. "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in

deciding whether to declare the rights of litigants." *Id*. at 286. The Act is properly characterized as "an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant." *Id*. at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).

In *Wilton*, the federal court abstained from the declaratory judgment action because a related declaratory judgment case was already pending in state court. The parallel state action "present[ed] opportunity for ventilation of the same state law issues," and thus abstention in the federal action was proper. *Id*. at 290. Following the Supreme Court's decision in *Wilton*, a number of courts in this circuit have abstained from declaratory judgment actions. *See, e.g., Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788 (8th Cir. 2008) (staying a federal declaratory judgment action because a parallel state court case was underway); *Horne v. Firemen's Retirement System of St. Louis*, 69 F.3d 233 (8th Cir. 1995) (dismissing a federal declaratory judgment action for the same reason); *Maritz v. Starek*, No. 4:05CV2093, 2006 WL 1026925 (E.D. Mo. 2006) (same).

The Eighth Circuit has noted that the Supreme Court's decision in *Wilton* was limited to situations where there is a parallel state court case. *Scottsdale Ins. Co. v. Detco Industries, Inc.*, 426 F.3d 994, 996 (8th Cir. 2005). Without a parallel state proceeding, "the considerations of practicality and wise judicial administration that allow a district court greater discretion under *Wilton* are

diminished." *Id*. at 998. Although a court still has flexibility in choosing whether to abstain in a declaratory judgment case, that discretion is limited somewhat by the absence of a parallel state action. *Id*. at 999. The Eighth Circuit in *Scottsdale* adopted a six-factor test to be used by district courts in determining whether to dismiss or stay a declaratory judgment action when no related parallel state case is pending.

The *Scottsdale* factors are not entirely applicable to this case. There is no "parallel" state proceeding, but that is only because this case was itself a state proceeding until it was removed. The question is not one of whether the case should be stayed or dismissed, but rather whether it should be remanded to state court. If this court were to abstain, it would do so by means of a remand, and the issues between the parties would still be resolved in a court of competent jurisdiction.

The Ninth Circuit confronted this very situation in *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800 (9th Cir. 2002). Although there was no parallel state case, the district court remanded a declaratory judgment action that had been removed. The appellate court found that the usual factors to be considered in deciding whether to dismiss or stay a declaratory judgment were inapplicable. *Id*. at 803-04 (holding that factors such as "avoiding duplicative litigation" and "avoiding forum shopping" favored neither party when there was no related case).

Without a presumption in either direction, the court held that the district judge did not abuse her discretion in choosing to remand. Other district courts have reached similar conclusions. *See Rinkenbach v. State Auto Ins. Co.*, No. 07-870, 2007 WL 1314889 (E.D. Pa. 2007) (remanding a declaratory judgment case where there was no federal interest in adjudicating the dispute); *University of Georgia Athletic Ass'n v. Fireman's Fund Ins. Co.*, No. 3:05CV94, 2006 WL 1652482 (M.D. Ga. 2006) (holding that the rationale for dismissing or staying a declaratory judgment in light of a parallel state case applies with equal force when the issue is one of remand). *But see Taylor-Morley, Inc. v. Cincinnati Ins. Co.*, No. 4:07CV300, 2007 WL 1106142 (E.D. Mo. 2007) (declining to remand).

I see no reason not to remand this case. One defendant has already tried to bring this case into federal court in Pennsylvania, and a district court judge there stayed that case because a parallel state case was ongoing. *American Motorists Ins. Co. v. Teva Pharmaceuticals, Inc.*, No. 08-298 (E.D. Pa. filed Apr. 24, 2008). That parallel case is now this case, because it was removed to federal court. The petition raises strictly state law issues and there is no apparent federal interest in adjudicating the dispute. A remand will not affect the rights of the parties or the prevent the case from proceeding, and is consistent with the earlier decision by the Pennsylvania federal court. For these reasons, I will decline jurisdiction under the

Declaratory Judgment Act, and in my discretion I will remand this case to state court.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion [#13] to remand is GRANTED, and this case is remanded to the Missouri Circuit Court for the City of St. Louis.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2008.